# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK RANDALL FAWCETT,<br><br>   Petitioner,<br><br>   v.<br><br>MERCED COUNTY,<br><br>   Respondent. | Case No.: 1:19-cv-01250-JLT (HC)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION<br><br>[THIRTY-DAY DEADLINE] |

Petitioner filed a Petition for Writ of Habeas Corpus on September 9, 2019. A preliminary screening of the petition reveals that the petition fails to present any cognizable grounds for relief or any facts in support and fails to name the proper respondent. Therefore, the Court will DISMISS the petition with leave to file an amended petition.

**I.  DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

answer to the petition has been filed.

B. <u>Failure to State a Cognizable Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). <u>See also</u> Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner has failed to comply with Rule 2(c) by failing to specify any ground for relief or the facts supporting his claims. The Petitioner's statements are entirely vague and unclear such that a claim for relief cannot be discerned. Additionally, Petitioner fails to state how the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court authority. Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed.

Additionally, the instant petition is handwritten and difficult to decipher and is illegible in

some instances. Petitioner is advised that Rule 2(c)(4) requires the petition to be legibly handwritten or typewritten. Before dismissal is recommended, the Court will provide Petitioner an opportunity to file an amended petition to cure these defects.

### C. Failure to Name a Proper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2(a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

In this case, Petitioner names "Merced County" as the Respondent. However, Merced County is not the warden or chief officer of the institution where Petitioner is confined, and, thus, does not have day-to-day control over Petitioner. Petitioner is presently confined at the Correctional Training Facility in Soledad, California. The current director or warden of that facility is the person Petitioner should name as Respondent.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same). In any amended petition, Petitioner must name a proper respondent.

Petitioner will be granted an opportunity to file a First Amended Petition curing these

deficiencies. Petitioner is advised that he should entitle his pleading, "First Amended Petition," and he should reference the instant case number. Failure to comply with this order will result in dismissal of the action.

**II.    ORDER**

Accordingly, the Court **ORDERS**:

1) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim and failure to name a proper respondent; and

2) Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition. The First Amended Petition SHALL name the warden at the prison where Petitioner is housed as the only respondent in the action.

IT IS SO ORDERED.

Dated:    **September 23, 2019**              **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE