| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MARK RANDALL FAWCETT, | ) | Case No.: 1:19-cv-01250-JLT (HC) |
| | ) | |
| Petitioner, | ) | ORDER DIRECTING CLERK OF COURT TO |
| v. | ) | ASSIGN DISTRICT JUDGE |
| | ) | |
| C. KOENIG, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS AMENDED PETITION |
| Respondent. | ) | |
| | ) | [TWENTY-ONE DAY OBJECTION DEADLINE] |
| | ) | |
| | ) | |

Petitioner filed a federal habeas petition in this Court on September 9, 2019. (Doc. 1.) After conducting a preliminary screening, the Court found the petition was deficient in several aspects. (Doc. 4.) Specifically, Petitioner failed to present any cognizable grounds for relief or any facts in support and failed to name the proper respondent. (See id.) The Court dismissed the petition with leave to file an amended petition. (Id. at 4.) Petitioner filed a first amended petition on October 11, 2019. (Doc. 6.) The Court screened the first amended petition and found it too failed to state a cognizable federal claim for relief. (See Doc. 9.) Therefore, the Court dismissed the amended petition and directed Petitioner to file a second amended petition. (Id. at 4.)

On November 22, 2019, Petitioner filed a second amended petition. (Doc. 10.) A review of the petition reveals that it suffers from the same deficiencies previously identified. Therefore, the Court will recommend that the petition be SUMMARILY DISMISSED WITH PREJUDICE.

///

1

# I. DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for

1    the petitioner under 28 U.S.C. § 2242.

2    Like the initial petition and first amended petition, the second amended petition fails to comply

3    with § 2254 and Rule 2(c) by failing to adequately set forth grounds for relief. The petition also fails to

4    show how the adjudication of the claims in state court resulted in a decision that was contrary to, or an

5    unreasonable application of, clearly established Supreme Court precedent, or resulted in a decision

6    that was based on an unreasonable determination of the facts.

7    The second amended petition fails to present a cognizable claim for relief. Petitioner's

8    statements are vague and unclear such that a claim for relief cannot be discerned. Petitioner makes

9    conclusory statements that are vague and nonsensical in many ways. For example, Petitioner states

10   that his due process rights were violated but fails to the state grounds for relief, the facts supporting his

11   grounds, and the relief requested. (See Doc. 10 at 4.) Although not stated as such, it appears Petitioner

12   may be attempting to make a claim for ineffective assistance of counsel. (See id.) However, he does

13   not clearly state what counsel did or did not do that Petitioner considers ineffective. He provides no

14   facts in support of the claim. He does not show how the state court rejecting the claim was contrary to

15   or an unreasonable application of Supreme Court authority. It also appears Petitioner attempts to make

16   a claim for sufficiency of the evidence. (Doc. 10 at 5.) However, the facts included are nonsensical

17   and do not support his claim. (See id.)

18   As stated previously by the Court, Petitioner's handwritten petition is difficult to decipher and

19   illegible in some instances. (Doc. 4 at 2-3.) Rule 2(c)(4) requires the petition to be legibly handwritten

20   or typewritten.

21   It is not the federal court's burden to discover Petitioner's claims for him. This is

22   unquestionably the petitioner's burden.

23   In summary, Petitioner has failed to comply with Rule 2(c) by failing to specify any ground(s)

24   for relief, the facts supporting his ground(s), and the relief requested. He further fails to state how the

25   state court rejection of his claims was contrary to or an unreasonable application of federal law. Thus,

26   Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed.

27   **II.    ORDER**

28   The Court DIRECTS the Clerk of Court to assign a District Judge to the case.

3

**III.    RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the habeas corpus petition be SUMMARILY DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:  **January 24, 2020**                          **/s/ Jennifer L. Thurston**
                                                                        UNITED STATES MAGISTRATE JUDGE